**\*\*E-filed 8/27/2011\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>ALL ACTIONS | CASE NO. 3:10-md-2143 RS<br><br>**ORDER RE DEADLINE FOR FILING AMENDED COMPLAINTS** |

The direct purchaser plaintiffs seek an order extending their time to file an amended complaint for an additional 30 days beyond the time set by the order granting the motions to dismiss. Defendants oppose, stating that while they offered a "reasonable" two week extension, further time is unwarranted and would cause administrative difficulties were they then required to respond to the indirect purchasers' amended complaint prior to when a response to the direct purchasers' amended complaint becomes due. While it may be reasonable for defendants to believe that some lines must be drawn to prevent endless delay, in litigation of this scope, which has already been pending for some time and which undoubtedly will take significant additional time to resolve, the parties should be able to resolve among themselves what is essentially a two-week difference in their respective views. The parties are therefore directed to meet and confer further to arrive at a

stipulated schedule for (1) the filing of both amended complaints, (2) the filing of such responsive motions as any defendants may wish to bring (or, of any answers in lieu of such motions), and (3) any briefing due dates for such motions, to the extent that the parties may agree it is appropriate to depart from the schedule provided by the local rules.

The statement in the order granting the motions to dismiss that it would be sufficient to provide only 30 day for amendments was made in response to a request by the indirect purchaser plaintiffs that they be afforded an opportunity to locate additional representative plaintiffs from jurisdictions not presently represented; it was not intended as a conclusive determination as to how much time might be appropriate for plaintiffs to prepare amended complaints addressing all of the issues identified in the order.   That said, it is also not immediately apparent why a full 30 additional days would be necessary.  In any event, the parties should strive to reach an agreement that reasonably accommodates their respective schedules and needs, and which will see this matter through to the conclusion of the next round of motions without the need for court resolution of any relatively minor scheduling disagreements.

IT IS SO ORDERED.

Dated: August 17, 2011

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE